UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

KENNETH McELLIGOTT,

        Plaintiff,

        v.                                    **DECISION AND ORDER**
                                                  19-CV-493S

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
_____

        1.    Plaintiff Kenneth McElligott challenges the determination of an Administrative Law Judge ("ALJ") that he is not disabled within the meaning of the Social Security Act ("the Act").  Plaintiff alleges that he has been disabled since December 8, 2013, due to hypertension, Hepatitis C, paranoid schizophrenia, and post-traumatic stress disorder.  Plaintiff contends that his impairments render him unable to work, and thus, he is entitled to disability benefits under the Act.

        2.    Plaintiff filed an application for supplemental security income on February 23, 2015, which the Commissioner denied on June 16, 2015.  Plaintiff thereafter requested a hearing before an ALJ.  On October 11, 2017, ALJ Michael Carr held a video hearing at which Plaintiff appeared remotely with counsel and testified.  Vocational Expert Tricia Muth also testified.  At the time of the hearing, Plaintiff was 51 years old, with a limited education, and no relevant past work experience.  The ALJ considered the case *de novo* and, on April 4, 2018, issued a written decision denying Plaintiff's application for benefits.  The Appeals Council denied Plaintiff's request for review on February 22, 2019.

3.  Plaintiff filed the current action on April 16, 2019, challenging the Commissioner's final decision.[1] On October 15, 2019, Plaintiff filed a Motion for Judgment on the Pleadings under Rule 12 (c) of the Federal Rules of Civil Procedure. (Docket No. 10).  On February 14, 2020, the Commissioner filed a Motion for Judgment on the Pleadings.  (Docket No. 16).  Plaintiff filed a reply on March 6, 2020 (Docket No. 20), at which time the motions were taken under advisement without oral argument.  For the following reasons, Plaintiff's motion will be denied, and Defendant's motion will be granted.

4.  A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled.  See 42 U.S.C. §§ 405 (g), 1383 (c)(3); Wagner v. Sec'y of Health & Human Servs., 906 F.2d 856, 860 (2d Cir. 1990).  Rather, the Commissioner's determination will be reversed only if it is not supported by substantial evidence or there has been a legal error.  See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979).  Substantial evidence is that which amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971).  Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld.  See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982).

5.  "To determine on appeal whether an ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the

---

[1] The ALJ's April 4, 2018 decision became the Commissioner's final decision in this case when the Appeals Council denied Plaintiff's request for review.

2

evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." Williams on Behalf of Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference and will not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." Valente v. Sec'y of Health & Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984).

6. The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled under the Act. See 20 C.F.R. §§ 404.1520, 416.920. The Supreme Court of the United States recognized the validity of this analysis in Bowen v. Yuckert, and it remains the proper approach for analyzing whether a claimant is disabled. 482 U.S. 137, 140-42, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987).

7. The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits her physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider her disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed"

3

>impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, she has the residual functional capacity to perform her past work.  Finally, if the claimant is unable to perform her past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam) (quotations in original); see also 20 C.F.R. § 404.1520; Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999).

8. Although the claimant has the burden of proof on the first four steps, the Commissioner has the burden of proof on the fifth and final step.  See Bowen, 482 U.S. at 146 n.5; Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984).  The final step is divided into two parts.  First, the Commissioner must assess the claimant's job qualifications by considering his or her physical ability, age, education, and work experience.  Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform.  See 42 U.S.C. § 423 (d)(2)(A); 20 C.F.R. § 404.1520 (f); Heckler v. Campbell, 461 U.S. 458, 460, 103 S. Ct. 1952, 1954, 76 L. Ed. 2d 66 (1983).

9. In this case, the ALJ found the following with regard to the five-step process set forth above: (1) Plaintiff has not engaged in substantial gainful activity since February 23, 2015 (R. at 14);[2] (2) Plaintiff's schizophrenia, alcohol dependence, cannabis dependence, hypertension, left shoulder impairment, cervical spine degenerative disc disease, and Hepatitis C are severe impairments within the meaning of the Act (R. at 15); (3) Plaintiff does not have an impairment or combination of impairments that meet or medically equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix

---

[2] Citations to the underlying administrative record are designated as "R."

1 (R. at 15-16); (4) Plaintiff retained the residual functional capacity ("RFC") to perform a range of medium work as defined in 20 C.F.R. § 416.967 (c), with certain exceptions[3] (R. at 16-21); (5) Plaintiff had no relevant past work (R. at 21); and (6) Plaintiff could perform jobs that exist in significant number in the national economy (R. at 22). Accordingly, the ALJ determined that Plaintiff was not under a disability as defined by the Act during the relevant period—February 23, 2015, through April 4, 2018. (R. at 13, 22).

10. Plaintiff argues that the ALJ's assessment of his RFC is erroneous because the ALJ failed to properly weigh the opinion evidence presented. Defendant maintains that Plaintiff's RFC is supported by substantial evidence, and that the ALJ properly explained his consideration of the opinion evidence of record.

11. Plaintiff first argues that the ALJ erred by affording his treating social worker's (Michelle Brick, MSW) opinion little weight. In August 2017, Brick rendered a disabling opinion centered around Plaintiff's inability to work with others, keep pace, or deal with normal work-related stress. (R. at 466-470.) The ALJ afforded Brick's opinion "little weight," explaining that he (1) found it inconsistent with treatment notes indicating that Plaintiff improved with medication-compliance and sobriety, (2) found it out of proportion with the normal mental status findings of other providers, and (3) because Brick, as a social worker, was not an "acceptable medical source." (R. 21.)

12. Plaintiff maintains that although not an "acceptable medical source," the ALJ should have accepted Brick as an "other source" and weighed her opinion more heavily. Because Plaintiff filed his application for benefits before March 27, 2017, the prior

---

[3] The ALJ found that Plaintiff retained the RFC for medium work, "except he can perform simple, routine tasks; he can make simple work-related decisions; he can tolerate occasional contact with supervisors and coworkers but no contact with the general public; he cannot perform tandem work; and he requires a work environment where change is minimal." (R. at 16-17.)

regulations governing the evaluation of medical evidence found in 20 C.F.R. § 416.927 apply, as do the prior Social Security Rulings ("SSR").

13. SSR 06-03p provides that, as a social worker, Brick is in fact an "other source."[4] 2006 WL 2329939, at *2 (S.S.A. Aug. 9, 2006). In evaluating the opinions of "other sources," SSR 06-03p directs ALJs to consider the same factors as are used to evaluate the opinions of "acceptable medical sources," including treating physicians. 2006 WL 2329939, at *4; see also 20 C.F.R. § 416.927 (f). These factors include but are not limited to "the length of the treatment relationship, the frequency of evaluation, and the degree to which the opinion is supported and consistent with the record." 2006 WL 2329939, at *4; see also 20 C.F.R. § 416.927 (c)(1)-(6). ALJs must further explain what weight, if any, they afford such opinions. See Sears v. Astrue, No. 2:11–CV–138, 2012 WL 1758843, at *3 (D.Vt. May 15, 2012).

14. Here, the ALJ recognized the therapist-patient relationship between Brick and Plaintiff, but nonetheless afforded Brick's opinion "little weight" because it was inconsistent with other evidence in the record demonstrating Plaintiff's improvement and normal mental status. (R. at 21.) The ALJ explained his reliance on the improvements Plaintiff realized when sober, medication-compliant, and committed to treatment, as well as the longitudinal stability and progress noted by multiple providers. (R. at 18.) While accounting for some mental-health symptoms that persisted, the ALJ explained that in his judgment, Plaintiff's "improvement with treatment supports a finding that [he] is capable of working." (Id.) Although Plaintiff disagrees with the ALJ's assessment and weighing of the evidence, this Court's review reveals that the ALJ explained his decision and based

---

[4] SSR 06-03p is now rescinded.

6

it on evidence contained in the record, which makes it supported by substantial evidence. See Veino v. Barnhart, 312 F.3d 578, 588 (2d Cir. 2002) ("Genuine conflicts in the medical evidence are for the Commissioner to resolve.")  This argument therefore fails.

15.    Plaintiff next argues that the ALJ erred by basing his RFC on the stale opinions of two consultative examiners.  In particular, he argues that the ALJ should not have afforded "some weight" to the May 28, 2015 opinion of examining consultative psychologist Christine Ransom, Ph.D., or "significant weight" to the June 16, 2015 opinion of non-examining consultative psychologist M. Marks.  Dr. Ransom found that Plaintiff had a "mild psychiatric condition which will not significantly interfere with the claimant's ability to function a daily basis." (R. at 19, 20, 410.)  Dr. Marks determined that Plaintiff had mild to moderate limitations that required he be limited to simple tasks with only brief or and superficial contact with co-workers and the public. (R. at 20, 73.)

16.    The Second Circuit has cautioned that "ALJs should not rely heavily on the findings of consultative physicians after a single examination." Selian v. Astrue, 708 F.3d 409, 419 (2d Cir. 2013); see Cruz v. Sullivan, 912 F.2d 8, 13 (2d Cir. 1990).  But consultative-examiner opinions may nonetheless constitute substantial evidence, particularly were treating-physician or other provider opinions are not consistent with other substantial evidence in the record.  See Diaz v. Shalala, 59 F.3d 307, 315 (2d Cir.1995); Mongeur v. Heckler, 722 F.2d 1033, 1039 (2d Cir. 1983) (citing Miles v. Harris, 645 F.2d 122, 124 (2d Cir. 1981)); Cabrero-Gonzalez v. Colvin, No. 13-CV-6184-FPG, 2014 WL 7359027, at *20 (W.D.N.Y. Dec. 23, 2014).

17.    Here, the ALJ appropriately weighed the consultative-examiner opinions.  First, the two opinions are consistent with the weight of the record evidence and largely consistent with one another.  Second, the ALJ did not reject the bulk of Dr. Ransom's

opinion, as a "some weight" designation may ordinarily reflect.  Rather, the ALJ found that Dr. Ransom's opinion did not fully consider Plaintiff's subjective complaints that were supported in the record.  (R. at 20.)  In other words, the ALJ found that Plaintiff was a bit *more* limited, and he specifically emphasized that Dr. Ransom's opinion was consistent with his non-disability determination.  (Id.)  Third, while this Court is cognizant that stale opinions do not constitute substantial evidence, see Griffith v. Astrue, 08-CV-6004 CJS, 2009 WL 909630, at *9 (W.D.N.Y. Mar. 31, 2009), the opinions here were not stale simply because they were from 2015.  These opinions were corroborated by subsequent treatment notes, and Plaintiff points to no evidence of significant deterioration in his condition that would render these opinions stale from a substantive standpoint.  Consequently, this Court finds no error.[5]

18.     Having reviewed the ALJ's decision in light of Plaintiff's arguments, this Court finds no error in the ALJ's determination.  The decision contains an adequate discussion of the medical evidence supporting the ALJ's determination that Plaintiff was not disabled, and Plaintiff's aforementioned contentions are unavailing.  Plaintiff's motion for judgment on the pleadings is therefore denied, and Defendant's motion seeking the same relief is granted.


IT HEREBY IS ORDERED, that Plaintiff's Motion for Judgment on the Pleadings (Docket No. 10) is DENIED.

---

[5] Because this Court finds that the ALJ properly considered the consultative medical opinions in formulating Plaintiff's RFC, there is no merit in Plaintiff's arguments that the ALJ rejected all opinion evidence, failed to develop the record, or determined the RFC based on his own interpretation of treatment notes.  (See Memorandum of Law, Docket No. 10-1, pp. 12-15.)

FURTHER, that Defendant's Motion for Judgment on the Pleadings (Docket No. 16) is GRANTED.

FURTHER, that the Clerk of Court is directed to CLOSE this case.

SO ORDERED.

Dated:  July 16, 2020
        Buffalo, New York

                                               s/William M. Skretny
                                            WILLIAM M. SKRETNY
                                         United States District Judge